IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNIL MEHTA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-cv-08084 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| WALGREENS BOOTS ALLIANCE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE/ADDITIONAL DEFENSES
TO PLAINTIFF'S *PRO SE* COMPLAINT OF EMPLOYMENT DISCRIMINATION**

Defendant, Walgreen Co., submits the following Answer and Affirmative/Additional Defenses to the Complaint of Employment Discrimination filed by Plaintiff Sunil Mehta ("Plaintiff" or "Mehta").

1. <u>Complaint</u>: This is an action for employment discrimination.

ANSWER: Defendant admits that Plaintiff purports to assert claims of discrimination. Defendant denies that such claims have merit, that Defendant discriminated against Plaintiff in any way, and that Plaintiff is entitled to any relief. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

2. <u>Complaint</u>: The Plaintiff is Sunil Mehta of the county of Cook in the state of Illinois.

ANSWER: Upon information and belief, Defendant admits that Plaintiff's name is Sunil Mehta. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff is a resident of Cook County, Illinois, as his court filings indicate that he has been living abroad for an extended period of time. Except as specifically admitted herein, Defendant denies the allegations in this Paragraph.

3. <u>Complaint</u>: The defendant is Walgreens Boots Alliance, whose street address is 200 WILMOT ROAD, (city) DEERFIELD, (county) LAKE, (state) ILLINOIS (ZIP) 60602, (Defendant's telephone number) (847) 315-2500.

<u>ANSWER</u>: Defendant admits that Plaintiff improperly named ""Walgreens Boots Alliance" as Defendant in the Complaint. Defendant further admits that its legal name is Walgreen Co., that its principal place of business is located in Lake County at 200 Wilmot Road, Deerfield, Illinois, 60015, and that one of its telephone numbers is 847-315-2500. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

4. <u>Complaint</u>: The plaintiff sought employment or was employed by the defendant at (street address) 35TH & DAMEN, (city) CHICAGO, (county) COOK, (state) ILLINOIS (ZIP code) 60609.

<u>ANSWER</u>: Defendant admits that Plaintiff sought employment with Defendant and was employed with Defendant at multiple store locations, including the location identified in this Paragraph. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

5. <u>Complaint</u>: The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.
(b) ☐ was hired and is still employed by the defendant.
(c) ☒ was employed but is no longer employed by the defendant.

<u>ANSWER</u>: Defendant admits the allegations in this Paragraph.

6. <u>Complaint</u>: The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) <u>September</u>, (day) <u>10</u>, (year) <u>2016</u>.

<u>ANSWER</u>: Defendant denies the allegations in this Paragraph.

7.1 <u>Complaint</u>: (***Choose paragraph 7.1 or 7.2, do not complete both***.)

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]: ☐ *has not* ☒ *has* filed a charge against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:
    (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) <u>May</u> (day) <u>15</u> (year) <u>2017</u>.

2

      (ii)    ☐ the Illinois Department of Human Rights, on or about (month) _____ (day) _____ (year) _____ .

  (b)    If charges were filed with an agency indicated above, a copy of the charge is attached. ☒ YES.  ☐ NO, but plaintiff will file a copy of the charge within 14 days.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

ANSWER: Defendant admits that Plaintiff attached to his Complaint a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (Charge No. 440-2017-03783) which is stamped "Received" on May 15, 2017. Defendant further admits that such Charge of Discrimination was filed within 300 days of Plaintiff's termination. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

  7.2    <u>Complaint</u>: The defendant is a federal governmental agency, and

    (a)    the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.
        ☐ Yes (month) _____ (day) _____ (year) _____
        ☒ No, did not file Complaint of Employment Discrimination

    (b)    The plaintiff received a Final Agency Decision on (month) <u>September</u> (day) <u>13th</u> (year) <u>2018</u>.

    (c)    Attached is a copy of the

      (i)    Complaint of Employment Discrimination,
        ☒ YES  NO ☐, but a copy will be filed within 14 days.

      (ii)    Final Agency Decision
        ☐ YES  NO ☐, but a copy will be filed within 14 days.

ANSWER: Defendant denies that it is a federal agency. Plaintiff should not have completed Paragraph 7.2, and thus, no response thereto is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

601645331.8

      8.     Complaint: (*Complete paragraph 8 only if defendant is not a federal governmental agency*.)

          (a)  ☐  the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

          (b)  ☒  the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) September (day) 13 (year) 2018 a copy of which *Notice* is attached to this complaint.

ANSWER:    Defendant admits that Plaintiff attached to his Complaint a Dismissal and Notice of Right to Sue regarding Charge No. 440-2017-03783, dated September 13, 2018. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

      9.     Complaint: The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

          (a)  ☒  Age (Age Discrimination Employment Act).

          (b)  ☐  Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

          (c)  ☒  Disability (Americans with Disabilities Act or Rehabilitation Act)

          (d)  ☐  National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

          (e)  ☐  Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

          (f)  ☐  Religion (Title VII of the Civil Rights Act of 1964)

          (g)  ☐  Sex (Title VII of the Civil Rights Act of 1964)

ANSWER:    Defendant denies the allegations in this Paragraph.

      10.    Complaint: If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

ANSWER:    Paragraph 10 of Plaintiff's Complaint contains no allegations (Defendant is not a state, county, municipal (city, town or village) or other local governmental agency), and thus, Defendant provides no response to this Paragraph.

11. Complaint: Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. §791.

ANSWER: Defendant admits that this Court has jurisdiction pursuant to certain of the statutory provisions cited in this Paragraph. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

12. Complaint: The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

ANSWER: Defendant admits that it terminated Plaintiff's employment for legitimate and non-discriminatory reasons. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

13. Complaint: The facts supporting the plaintiff's claim of discrimination are as follows:

(a) I am a male individual and was over 50 years of age.

ANSWER: Defendant admits the allegations in this Subparagraph.

(b) I was hired by Respondent in 1991 and I was employed as a Str. [*Store*] Manager.

5

ANSWER: Defendant admits that Plaintiff began working for Defendant in July 1991 and that he held the position of Drug Store Manager during a portion of his tenure with Defendant. Except as specifically admitted, Defendant denies the allegations in this Subparagraph.

  (c) At all times, I was performing my job satisfactorily.

ANSWER: Defendant denies the allegations in this Subparagraph.

  (d) On 23rd Nov 2015, I sustained an injury that resulted in a disability.

ANSWER: Defendant admits that Plaintiff sustained an injury on November 23, 2015. Except as specifically admitted, Defendant denies the allegations in this Subparagraph.

  (e) After I came back from my disability, I was transferred to another store.

ANSWER: Defendant admits that upon Plaintiff's return from a leave of absence related to his injury, Defendant assigned Plaintiff to a Store Manager position at different store than the one at which he had been working at the time he sustained his injury. Except as specifically admitted, Defendant denies the allegations in this Subparagraph.

  (f) About a month from my discharge, my district manager informed me that the company was looking for younger & faster employees & some of us [*sic*] not going to make it.

ANSWER: Defendant denies the allegations in this Subparagraph.

  (g) On Sept [*sic*] 10, 2016, I was discharged.

ANSWER: Defendant admits the allegations in this Subparagraph.

  (h) My performance was excellent & my store metrics were No. 1 in the district.

ANSWER: Defendant denies that Plaintiff's performance was excellent. Answering further, the phrase "store metrics" is vague and ambiguous, and Plaintiff's allegation that "[his] store metrics were No. 1 in the district" is similarly vague and ambiguous. Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of that allegation in this Subparagraph. Except as specifically admitted, Defendant denies the allegations in this

Subparagraph.

    (i)    I was replaced by a non-disabled individual younger than me.

ANSWER: Defendant admits that the Store Manager who was assigned to work at the store at which Plaintiff had been working at the time of his termination was younger than Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that such individual did not have a "disability" under applicable law. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

14.    Complaint: [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

ANSWER: Defendant denies the allegations in this Paragraph.

15.    Complaint: The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

ANSWER: Defendant admits that Plaintiff has demanded that his case be tried to a jury. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

16.    Complaint: THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a)  ☐  Direct the defendant to hire the plaintiff.

    (b)  ☐  Direct the defendant to re-employ the plaintiff.

    (c)  ☐  Direct the defendant to promote the plaintiff.

    (d)  ☐  Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e)  ☐  Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f)  ☐  Direct the defendant to (specify): _____

    (g)  ☐  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable

attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

ANSWER: Defendant admits that Plaintiff purports to seek the relief identified in this Paragraph, but denies that he has any entitlement to the same.

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Defendant, for its affirmative and/or additional defenses in this action, alleges and states as follows:

### FIRST AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable limitations periods and/or by Plaintiff's failure to timely exhaust his administrative remedies with respect to such claims.

### SECOND AFFIRMATIVE/ADDITIONAL DEFENSE

Defendant undertook good faith efforts to comply with the statutes pursuant to which Plaintiff has brought his claims, including by promulgating and making good faith efforts to enforce an anti-discrimination/anti-harassment/anti-retaliation policy, thus barring Plaintiff's claim for punitive and liquidated damages.

### THIRD AFFIRMATIVE/ADDITIONAL DEFENSE

Assuming, *arguendo*, that Plaintiff could establish that he was a qualified individual with a disability during the relevant time period, Plaintiff's ADA claims are barred, in whole or in part, by the affirmative defense of undue hardship (e.g., to the extent any accommodations were denied/not provided).

## FOURTH AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's damages claims are barred to the extent Plaintiff failed to mitigate his alleged damages.

## FIFTH AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he included false information in his *In Forma Pauperis* Application and Financial Affidavit.

## SIXTH AFFIRMATIVE/ADDITIONAL DEFENSE

To the extent that Plaintiff is awarded any damages, such damages should be reduced by any and all short-term disability, long-term disability, worker's compensation, social security, and unemployment payments or awards made to Plaintiff.

## SEVENTH AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, by the exclusivity provision of the Illinois Worker's Compensation Act.

## EIGHTH AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, by the doctrine of estoppel based on the representations made by Plaintiff with respect to his various claims for disability-related compensation and benefits, including, without limitation, those made with respect to short-term disability, long-term disability, and social security disability benefits.

## NINTH AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to include any prayer for relief.

**WHEREFORE**, Defendant Walgreen Co. respectfully requests judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety with prejudice,

awarding Defendant its reasonable attorneys' fees, costs and disbursements, and granting such other and further relief as the Court may deem just and proper.

Dated: March 3, 2020

                                                                                     */s/* William J. Wortel
                                                                                     One of the Attorneys for Defendant,
                                                                                     Walgreen Co.

William J. Wortel
Patrick M. DePoy
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street
Suite 4300
Chicago, Illinois 60601
(312) 602-5000
(312) 602-5050 (facsimile)
bill.wortel@bclplaw.com
patrick.depoy@bclplaw.com

## CERTIFICATE OF SERVICE

I, William J. Wortel, one of the attorneys for Defendant, certify that on March 3, 2020, I caused a copy of the foregoing *Defendant's Answer and Affirmative/Additional Defenses to Plaintiff's Pro Se Complaint of Employment Discrimination,* to be served upon Plaintiff via the Court's electronic filing system and by first class mail, proper postage prepaid, addressed as follows:

    Sunil Mehta (*pro se*)
    6118 N. Damen, #1B
    Chicago, IL 60659
    sunilmehta9357@yahoo.com

    */s/* William J. Wortel
    William J. Wortel